

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**Nicholas Melissinos**
Assistant Corporation Counsel
nmelissi@law.nyc.gov
(212) 356-2335
(212) 356-3509

March 12, 2014

**BY ECF**
Honorable Marilyn D. Go
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Alfred Brown v. the City of New York, *et al.*
         14 CV 1350 (JG) (MDG)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant City of New York in the above-referenced case. Defendant writes to respectfully request a sixty day enlargement of time, from March 21, 2014 to May 21, 2014, within which defendant may answer or otherwise respond to the Complaint. Plaintiff's counsel, Gabriel Harvis, Esq., consents to this request. No previous request for an extension has been made by defendant. The parties also request that this matter be marked as related to *Diaz v. the City of New York, et al.*, 13 CV 6377 and be transferred to Magistrate Judge Vera M. Scanlon.

There are several reasons for seeking an enlargement of time in this matter. In accordance with our obligations under Fed. R. Civ. P. 11, we need time to investigate the allegations of the Complaint. The Complaint alleges, *inter alia*, that plaintiff was falsely arrested as a result of an encounter with members of the New York City Police Department ("NYPD") on or about, October 31, 2012, in the vicinity of 3485 Neptune Avenue, Brooklyn, New York. In order to adequately assess this matter and respond to the Complaint, this office is processing plaintiff's 160.50 release so that we can obtain plaintiff's underlying arrest and prosecution documents, including NYPD documents, the District Attorney file and criminal court documents. Without these documents defendant cannot meaningfully respond to the Complaint.

Also, in addition to the City, plaintiff names Police Officer Michael Walsh, Police Officer Angelo Pizzaro, Police Office Jermaine Taylor, Sergeant Diana Pichardo, Police Officer Gaet Jeans Dozy, Police Officer Mike Izzo and Police Officer Ansari Kalil as defendants herein,

who according to the docket sheet have not been served as of this date.  This office has not received any requests for representation from these officers and, accordingly, a decision concerning this office's ability to represent them has not yet been made.  Assuming proper service was effectuated upon them, the officers must individually determine whether they want to be represented by this office, and furthermore, this office would need to conduct an investigation, including, but not limited to, determining whether there have been any substantiated charges of misconduct against the officers regarding this matter in order to determine whether we may undertake representation.  Given the time involved in determining the representation of an NYPD employee, and in the interest of judicial economy, we hope that the Court will, *sua sponte*, grant these defendants an enlargement of time until May 21, 2014.

In light of the foregoing, it is respectfully requested that the Court extend the time for all defendants to answer or otherwise respond to the Complaint until May 21, 2014.

Thank you for your consideration of the application herein.

Respectfully submitted,

_____/s/_____
Nicholas Melissinos
Assistant Corporation Counsel
Special Federal Litigation Division

cc:     BY ECF
        Gabriel Harvis, Esq.
        *Attorney for Plaintiff*