UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

ALFRED BROWN and JOSEPH BROWN,

                            Plaintiffs,

                    -against-

CITY OF NEW YORK; Police Officer MICHAEL
WALSH, Shield No. 17054; Police Officer
ANGELO PIZZARO, Shield No. 29275; Police
Officer JERMAINE TAYLOR, Shield No. 23344;
Sergeant DIANA PICHARDO, Shield No. 2816;
Police Officer GAET JEANS DOXY, Shield No.
13488; Police Officer MIKE IZZO, Shield No.
4225; Police Officer ANSARI KALIL, Shield No.
11189; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                           Defendants.

----------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 1350 (JG) (VMS)

## NATURE OF THE ACTION

     1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

     2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

6.      Plaintiffs demand a trial by jury in this action.

## PARTIES

7.      Plaintiffs Alfred Brown and Joseph Brown are residents of Kings County in the City and State of New York.  Plaintiffs are brothers.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Police Officer Michael Walsh, Shield No. 17054 ("Walsh"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Walsh is sued in his individual and official capacities.

10.     Defendant Police Officer Angelo Pizzaro, Shield No. 29275 ("Pizzaro"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pizzaro is sued in his individual and official capacities.

11.     Defendant Police Officer Jermaine Taylor, Shield No. 23344 ("Taylor"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Taylor is sued in his individual and official capacities.

12.     Defendant Sergeant Diana Pichardo, Shield No. 2816 ("Pichardo"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Pichardo is sued in her individual and official capacities.

13.     Defendant Police Officer Gaet Jeans Doxy, Shield No. 13488 ("Doxy"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Doxy is sued in his individual and official capacities.

14.     Defendant Police Officer Mike Izzo, Shield No. 4225 ("Izzo"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Izzo is sued in his individual and official capacities.

15.     Defendant Police Officer Ansari Kalil, Shield No. 11189 ("Kalil"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Kalil is sued in his individual and official capacities.

16.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

17.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

18.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

19.    At approximately 11:00 p.m. on October 31, 2012, in the immediate aftermath of Hurricane Sandy, plaintiffs were lawfully present in the vicinity of 3485 Neptune Avenue in the Coney Island neighborhood of Brooklyn, New York.

20.    Plaintiffs were engaged in a search for plaintiff Alfred Brown's 15 year-old son, who had not been heard from in several hours.

21.    Without reasonable suspicion or probable cause to believe plaintiffs had committed any crime, defendants searched, seized, arrested and handcuffed them.

22.    No contraband was ever recovered from plaintiffs.

23.    Plaintiffs were eventually taken to a police precinct.

24.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs commit various crimes, including burglary in the 3rd degree, a felony, and prepared false paperwork, including arrest reports.

25.     At no point did the officers ever observe plaintiffs commit a crime.

26.     On November 1, 2012, plaintiffs were taken to Brooklyn Central Booking.

27.     On or about November 3, 2012, plaintiffs were arraigned in Kings County Criminal Court where bail was set.

28.     Unable to make bail, plaintiffs were taken to Rikers Island.

29.     Plaintiffs were taken to criminal court several times during their incarceration on Rikers Island.

30.     Plaintiffs were strip-searched repeatedly while incarcerated at Rikers Island.

31.     A grand jury was convened and plaintiffs testified.

32.     The grand jury declined to indict plaintiffs on the felony charge of burglary or the misdemeanor charges of criminal possession of stolen property or petit larceny.

33.     After spending approximately ten days in custody, plaintiffs were released on their own recognizance.

34.    Thereafter plaintiffs were prosecuted for over a year on a non-criminal trespass violation charge, making repeated court appearances, before reluctantly accepting adjournments in contemplation of dismissal of the criminal charges.

35.    Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, were unlawfully strip searched, suffered fear, pain, bodily injury, anxiety, embarrassment, humiliation and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

36.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

38.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

39.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

41.      As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

**THIRD CLAIM**
**Denial Of Constitutional Right To Fair Trial**

42.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43.     The individual defendants created false evidence against plaintiffs.

44.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

45.     In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

46.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unlawful Strip Search

47.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48.     The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiffs to strip searches without legal justification.

49.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law False Imprisonment and False Arrest

50.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51.     By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

52.     Plaintiffs were conscious of his confinement.

53.     Plaintiffs did not consent to their confinement.

54.     Plaintiffs' confinement was not otherwise privileged.

55.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

56.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SIXTH CLAIM
### State Law Assault and Battery

57.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

58.     By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

59.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

60.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SEVENTH CLAIM
### Negligent Hiring, Training and Retention

61.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

62.     Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to

plaintiffs or to those in a like situation would probably result from the foregoing conduct.

63.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

64.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

65.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

66.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Infliction of Emotional Distress

67.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

68.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD

officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiffs.

69.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

70.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiffs. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

71.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure To Intervene

72.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

73.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

74.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

75.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:        March 30, 2014
              New York, New York

HARVIS WRIGHT & FETT LLP

Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiffs*